# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE LERAMO, M.D., | CASE NO. CV F 09-2083 LJO JTL |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE** (Doc. 21) |
| vs. | |
| PREMIER ANESTHESIA MEDICAL GROUP, et. al, | |
| Defendants. / | |

Defendants Premier Anesthesia Medical Group, Kamalnath A. Iyer, M.D., Bruce Scurlock, M.D., Kail S. Dhaliwal, M.D. (collectively "defendants") move to dismiss the seventh and eighth claims for relief in the first amended complaint and to strike the prayer for damages pursuant to Fed.R.Civ.Proc. 12(b)(6) and 12(f). (Doc. 21.) Plaintiff Yvonne Leramo, M.D. filed an opposition on July 28, 2010. Defendants did not file a reply brief. Pursuant to Local Rule 230(g), these motions were submitted on the pleadings without oral argument. Therefore, the hearing set for August 11, 2010 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL OVERVIEW**

The motion challenges plaintiff's seventh cause of action for violation of Cal. Lab.Code §1050 and the eighth cause of action for defamation.

Plaintiff Yvonne Leramo, M.D. ("Dr. Leramo") alleges she had an employment contract with defendant Premier Anesthesia Medical Group in Bakersfield, California to provide anesthesia services.

(Doc. 20 FAC ¶1, 6.)  The written employment contract was for a one year term, but automatically renewed for successive one year terms, unless 60 days notice was provided.  (Doc. 20, FAC ¶¶4-5.) Plaintiff was employed at Defendant Premier from August 2002 to August 2008.  In June 2008, Premier refused to renew the contract and gave plaintiff 60 days notice terminating the contract.  (Doc. 20, FAC ¶10.)

The claims on the seventh and eighth causes of action center on a letter of recommendation. Dr. Leramo was given a letter of recommendation from a Premier partner, but shortly thereafter, the partner demanded that Dr. Lermao return the letter and not use it.  (Doc. 20, FAC ¶11.)  Plaintiff alleges that the retraction of the letter was a defamation and violation of Cal.Labor Code §1050.  Plaintiff alleges defendants violation Cal.Labor Code §1050:

> "By causing a partner of Premier and colleague of Dr. Leramo to retract and retrieve his positive written letter of recommendation, Premier intentionally published the misrepresentation that Dr. Leramo could not get a letter of recommendation from any of her fellow physicians and therefore unqualified and unfit for her profession. Defendants made this misrepresentation to prevent Dr. Leramo from working again in her profession. Dr. Leramo has not been able to gain comparable full time employment since the Partner was forced to retract and recover his positive letter of recommendation."  (Doc. 20, FAC ¶27.)

Plaintiff alleges that the defendants also committed defamation by:

> "committing the acts complained of above, Defendants published to the small community of physicians in and around Bakersfield, California, that Dr. Leramo was unqualified and unfit to practice her profession and could not get a positive letter of recommendation, causing her damages according to proof."  (Doc. 20, FAC ¶30.)

## ANALYSIS AND DISCUSSION

### A. Standard for Motion to Dismiss

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and

resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**B.   F.R.Civ.P. 12(f) Motion Standards**

Pursuant to Fed. R. Civ. P. 12(f), the Court may order stricken from the pleadings "any redundant, immaterial, impertinent or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th

Cir. 1983). A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005) (citing 2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2010)).

**C.     Dismissal of the Seventh and Eighth Causes of Action for Lack of "Publication"**

California Labor Code section 1050 protects against unlawful interference with employment opportunities. The statute states:

> "Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor."

Labor Code §1054 authorizes treble damages in a civil action for a violation of Labor Code §1050.

Claims under Section 1050 are similar to the claims for defamation. *Walker v. Boeing Corporation*, 218 F.Supp.2d 1177, 1185, fn. 4 (C.D.Cal. 2002). The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. Civ.Code, §§ 45, 46; *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007). Whether challenged statements convey the requisite factual imputation is ordinarily a question of law for the court. *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal.App.4th 1027, 1048-1049 (2008).

**1.     Publication**

Defendants argue that the FAC does not allege that a statement, written or spoken, was published by defendants. The recommendation letter was retrieved, and "No facts suggest that Premier or any of Premier's partners contacted or spoke to any physicians in and around Bakersfield, California about Plaintiff." (Doc. 21, Motion p.7.)

Publication is the essential element in a cause of action for defamation. "Publication," as required for slander, means communication to some third person who understands the defamatory meaning of the statement. *Dible v. Haight Ashbury Free Clinics*, 170 Cal.App.4th 843, 88 Cal. Rptr.3d 464 (2009). In *Dible*, a counselor alleged defamation against her former employer for the statement she was terminated "based on negligence that resulted in the death of an inmate." The statement was not published to anyone and was said only to the plaintiff. There were no allegations that any third person was present when employer made the statement to employee, or that counselor had republished the

4

statement to anyone. The court affirmed a demurrer.

Indeed, the communication of libelous or slanderous matter only to the person allegedly defamed is insufficient publication on which to base a civil action for damages. A defamatory matter, to be actionable, must be published; that is, it must be communicated to a third person who understands its defamatory meaning. *Ruiz v. Harbor View Community Ass'n*, 134 Cal.App.4th 1456, 37 Cal. Rptr. 3d 133 (2005), opinion modified on denial of reh'g, *Ruiz v. Harbor View Community Ass'n* (2006) and *opinion modified*, 2006 WL 73420 (2006). The publication must be in fact made by the defendant. *Matson v. Dvorack*, 40 Cal.App.4th 539, 549, 46 Cal.Rptr. 2d 880 (1995).

Here, plaintiff does not allege that there was a communication to third persons who understood defamatory meaning. Plaintiff alleges that the defendants retracted the recommendation, but there is no allegation that defendants communicated the retraction to anyone other than plaintiff. Communications only to plaintiff are not actionable. *Cabesuela v. Browning-Ferris Ind. Of Cal.*, 68 Cal.App.4th 101, 111 (1998) (oral and written accusation that plaintiff threatened violation communicated only to him are not actionable).

Plaintiff argues that the defamatory statement is that each time Dr. Leramo applies for employment without the letter of recommendation, Premier publishes a false statement. Plaintiff argues that Premier communicated to each prospective employer contemplating Dr. Leramo's employment that plaintiff could not get a letter of recommendation by any partner, by the fact that a letter of recommendation was not attached. (Doc. 25, Opposition p.3-4.)

A slanderous statement is one "orally uttered, or communicated by radio or any mechanical or other means." Cal.Civ.Code §46. A defendant maybe liable for what is insinuated, as well as for what is stated explicitly. *MacLeod v. Tribune Publishing Co.*, 52 Cal.2d 536, 547, 343 P.2d 36, 41 (1959). A court, however, is not "free to infer defamation from what is neither said nor reasonably implied." *Mullins v. Thieriot*, 19 Cal.App.3d 302, 305, 97 Cal.Rptr. 27, 28 (1971).

The missing element in the allegations is the lack of any "utterance," publication or

republication.[1] Plaintiff's pleading currently alleges that she has been defamed because she does not have a letter of recommendation to attach to job applications. Plaintiff alleges that the absence of the letter of recommendation is a defamation. Plaintiff, however, has not cited to any authority that the <u>absence</u> of a communication falls within the definition of slander. Indeed, this position is inconsistent with the elements required to establish a claim for slander; that plaintiff allege a published communication. Accordingly, since plaintiff does not allege a publication, the motion to dismiss these causes of action will be sustained.

**2. Leave to Amend**

Leave to amend is freely granted "when justice so requires." Fed.R.Civ.P.15(a)(2). Here, however, plaintiff has not requested leave to amend and has not argued how she could amend to cure the defects in the complaint.

Plaintiff has amended the complaint one prior time, as a matter of right, to address the same allegations in these causes of action. Therefore, based upon plaintiff's prior amendment and lack of request for further amendment, the Court finds that an amendment would be futile.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. GRANTS the motion to dismiss the seventh cause of action for California Labor Code § 1050;
2. GRANTS the motion to dismiss the eighth cause of action for defamation;
3. GRANTS the motion to strike the prayer for damages pursuant to Labor Code §1054.

IT IS SO ORDERED.

**Dated:   August 6, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[1] The pleadings do not allege a republication of any slanderous statement. California cases that have discussed "republication" have uniformly involved an actual republication. *Mitchell v. Superior Court*, 37 Cal.3d 268, 281, 208 Cal.Rptr. 152 (1984) (journalist to publisher Readers' Digest); *Davis v. Consolidated Freightways*, 29 Cal.App.4th 354, 373, 34 Cal.Rptr.2d 438 (1994) (plaintiff to fellow employees who also published); *Beroiz v. Wahl*, 84 Cal.App.4th 485, 497, 100 Cal.Rptr.2d 905 (2000) (plaintiff to other homeowners at association meeting).